IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JIMMIE HINELY,

    Plaintiff,

vs.                                                               Civil Action No. 2:03 CV 31
                                                                                     (Maxwell)

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

## ORDER

By Order entered October 14, 2003 (Docket No. 16), the Court referred the cross-motions for summary judgment filed in the above-styled Social Security action to United States Magistrate Judge John S. Kaull, pursuant to 28 U.S.C. § 636(b)(1)(B); Rule 72 of the Federal Rules of Civil Procedure; and Rule 7.02(c) of the Local Rules of Civil Procedure, with directions to consider the same and to submit to the Court proposed findings of fact and a recommendation for disposition.

On January 31, 2005, Magistrate Judge Kaull filed his Report And Recommendation (Docket No. 17) wherein the parties were directed, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within ten (10) days after being served with a copy of said Report And Recommendation. Magistrate Judge Kaull's Report And Recommendation expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

On February 11, 2005, the Plaintiff's Objections To Report And Recommendation Of Magistrate Judge (Docket No. 18) was filed with the Court. In his Objections, the

Plaintiff asks the Court to clarify in its Order adopting the Magistrate Judge's Report And Recommendation that the favorable aspect of the Commissioner's prior determination, *i.e.*, that the Plaintiff was disabled as of June 1, 2000, is not to be disturbed by this Court's remand and that, accordingly, the only issue on remand is whether the Plaintiff was disabled at any time prior to June 1, 2000. Additionally, the Plaintiff asks the Court not to restrict, on remand, the reconsideration of the Plaintiff's mental impairments.

The Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the Report And Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in this action.

Therefore, it is

**ORDERED** that Magistrate Judge Kaull's Report And Recommendation (Docket No. 17) be, and is hereby, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly,

1. The Plaintiff's Motion For Judgment On The Pleadings (Docket No. 13) is **GRANTED IN PART**;

2. The Defendant's Motion For Summary Judgment (Docket No. 14) is **DENIED**;

3. Because the Court finds that substantial evidence does not support the Commissioner's decision denying the Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income for the period of time between January 1, 1997 (the Plaintiff's alleged onset date of disability), and June 1, 2000 (the date upon which the Commissioner determined that the Plaintiff became disabled and eligible for Disability Insurance Benefits and Supplemental Security Income, the Plaintiff's claim is **REMANDED** to the Commissioner of Social Security pursuant to the fourth sentence of 42 U.S.C. § 405(g) for a determination of whether the Plaintiff was disabled at any time at any

> time between January 1, 1997, and June 1, 2000; and

4. The above-styled civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Clerk of Court is directed to enter a separate Judgment Order reversing the decision of the Defendant and remanding the Plaintiff's claim for a rehearing.

In accordance with <u>Shalala v. Schaefer</u>, 113 S.Ct. 2625 (1993), counsel for the Plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within 90 days from the date of the Judgment Order.

The Clerk of Court is directed to transmit copies of this Order and the Judgment Order to counsel of record.

**ENTER:** September  28 , 2005

                                      **/S/ Robert E. Maxwell**
                                      United States District Judge